UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY GERALD,
    Plaintiff,

vs.

OHIO DEPARTMENT OF
REHABILITATION AND CORR.
    Defendant.

Case No. 1:21-cv-653

Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff Jeremy Gerald, an inmate at the Lebanon Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. § 1983. This matter is before the Court on plaintiff's motion to proceed *in forma pauperis*. (Doc. 1). For the reasons that follow, plaintiff's motion should be denied.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Gerald is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because at least three prior complaints filed by him while he has been a prisoner were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Gerald v. Mohr*, No. 1:19-cv-754 (S.D. Ohio Sept. 9, 2019) (denying plaintiff leave to proceed *in forma pauperis* pursuant to § 1915(g)). In *Gerald v. McNeil*, No. 3:09-cv-261 (M.D. Fl. March 26, 2009) (Doc. 7), the district court denied Mr. Gerald leave to proceed *in forma pauperis* on the

ground that he "has had three or more qualifying dismissals and is not under imminent danger of serious physical injury."[1]  Mr. Gerald subsequently filed two additional prisoner civil rights complaints in the United States District Court for the Northern District of Ohio that were also dismissed as frivolous or for failure to state a claim upon which relief may be granted.  See *Mitchell, et al. v. Barry,* 5:16-cv-288 (N.D. Ohio Feb. 8, 2016); *Gerald v. Akron Bar Assoc.*, 5:18-cv-414 (N.D. Ohio Feb. 20, 2018).  The previous dismissals for failure to state a claim upon which relief may be granted prevent Mr. Gerald from obtaining pauper status in the instant action.

In view of his three "strikes," Mr. Gerald may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury."  Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g).  See *Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc);

---

[1] Specifically, the district court noted: "The Court takes judicial notice of the following filings brought by Plaintiff in this Court: (1) Case No. 3:06-cv-702-J-32MCR (dismissed as frivolous); (2) Case No. 3:06-cv-886-J-24MMH (dismissed for Plaintiff's abuse of the judicial process); and, (3) Case No. 3:07-cv-54-J-32TEM (dismissed as frivolous)."  *Id.* at PageID 31 (footnotes omitted).

*Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Sixth Circuit has provided the following guidance in addressing whether imminent danger has been sufficiently alleged to allow a prisoner subject to the three-strikes rule to proceed *in forma pauperis*:

> [W]e have explained that "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 Fed.Appx. 560, 5612 (6th Cir. 2011). As such, a pro se plaintiff is "entitled to have his complaint liberally construed." *Id.* Because the exception constitutes a pleading requirement, a plaintiff "need[] only to assert allegations of imminent danger, he need not affirmatively prove those allegations at this stage of litigation." *Tucker v. Pentrich*, 483 Fed.Appx. 28, 30 (6th Cir. 2012). A plaintiff "must therefore show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Taylor* [*v. First Med. Mgmt.,* 508 Fed.Appx. 488, 492 (6th Cir. 2012)] (internal quotation marks omitted).
>
> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed.Appx. 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797-98; *see also Taylor*, 508 Fed.Appx. at 492 ("Allegations of past danger will not satisfy the 'imminent danger' exception."); *Percival v. Gerth*, 443 Fed.Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."). . . .
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to §

3

>1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed.Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 Fed.Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. In the complaint, plaintiff claims that he has been subjected to "harassment, threats and targeted enforcement" while at the Lebanon Correctional Institution. (Doc. 1-1, Complaint at PageID 18).[2] Without factual elaboration, plaintiff indicates that "threats as well as falsified conduct reports" were issued by staff members based on plaintiff's religious practices, pro se activity in criminal cases, filing civil cases, and prison complaints. (*Id.* at PageID 22). According to Mr. Gerald, these staff members "may use force against me at any given moment." (*Id.*). Plaintiff's claims regarding false conduct reports are insufficient to demonstrate that he is subject to any immediate or impending physical injury. *See Grant v. Gill*, Case No. 15-cv-420, 2016 WL 705236, at *1 (W.D. Wis. Feb. 19, 2016) ("Plaintiff's claims regarding a false conduct report and cell restrictions do not raise the concern that he is in imminent danger of serious physical harm"). Furthermore, plaintiff's speculative and conclusory allegations regarding threats and future harm are insufficient to satisfy the imminent danger exception. *See Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C.

---

[2] The complaint also includes allegations of attacks that took place in 2017 and 2018 at other institutions. (Doc. 1-1, Complaint at PageID 14, 16). Such allegations do not meet § 1915(g)'s requirement that the danger be imminent at the time the complaint is filed. *See Vandiver*, 416 F. App'x at 561-62. *See also Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) ("a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception").

2008) (finding that a plaintiff's allegations of continuous threats to his life, amongst others, to be "unsupported, vague, self-serving, conclusory speculation" insufficient to satisfy the imminent danger exception). *Compare Chappell v. Lewis*, No. 1:16-cv-659, 2016 WL 4194138, at *2 (S.D. Ohio July 15, 2016) (Bowman, M.J.) (Report and Recommendation) (finding that plaintiff's allegations that correctional staff may harm him in the future were too conclusory to support a reasonable inference that he is imminent danger of physical harm), *adopted* (S.D. Ohio Aug. 8, 2016) (Dlott, J.), *with Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012) (holding that allegations of imminent danger were "far from conclusory" as the plaintiff provided "specific dates on which specific persons made specific [threats]" between the date of the assault by prison staff and the filing of the lawsuit two months later).

Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to proceed in forma pauperis be **DENIED**.

2. Plaintiff be ordered to pay the full $402 ($350 filing fee plus $52 administrative fee) required to commence this action **within thirty (30) days**, and that plaintiff be notified that his failure to pay the full $402 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

5

*See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/22/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY GERALD,
    Plaintiff,

vs.

OHIO DEPARTMENT OF
REHABILITATION AND CORR.
    Defendant.

Case No. 1:21-cv-653

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).